## STATE v. ALBERT ANDERSON.[1]

April 1, 1926.

No. 24,931.

**Conviction of grand larceny in obtaining property by false pretenses.**
1. In the prosecution of a building contractor, who constructed and sold houses, for grand larceny in obtaining property by false pretenses through a representation that property sold was free of encumbrances, except a specified mortgage, when there were mechanics' liens against it, the evidence sustains a finding that such representation was fraudulently made to obtain the property of the purchaser.

**Existence of mechanics' liens sustained.**
2. The evidence sustains the finding that there were mechanics' liens upon the property.

**Exclusion of evidence not prejudicial.**
3. There was no prejudicial error in excluding evidence that one of the lien claimants, through a long course of dealing with the defendant, had never before filed a lien, and had allowed his right to do so to expire by limitation.

**New trial not required.**
4. There was no misconduct of counsel for the state requiring a new trial.

Criminal Law 16 C. J. p. 919 n. 71.
False Pretenses 25 C. J. p. 647 n. 18; p. 651 n. 47; p. 652 n. 50.

[1]Reported in 208 N. W. 415.

The defendant was indicted for grand larceny in the first degree. A demurrer to the indictment was considered in 159 Minn. 245. The defendant was found guilty on a trial before Waite, J., and a jury, and appeals from the order denying his motion for new trial and the judgment. Affirmed.

*William S. Ervin*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *Floyd B. Olson*, County Attorney, and *William G. Compton*, Assistant County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of grand larceny in the first degree and appeals. The indictment is under G. S. 1923, § 10358, subd. 1, making it a crime to obtain property from another by false pretenses. The case was here on demurrer to the indictment in 159 Minn. 245, 199 N. W. 6. The facts alleged and the applicable substantive law were there stated.

1. The defendant was for many years a building contractor in Minneapolis. He started as a laborer in this country in 1903, worked into contracting, and became so successful that in 1920 he had construction work in progress amounting to $700,000 or $800,000. In part his business consisted of constructing buildings and then selling them. On July 1, 1920, he had for sale certain duplexes which he had constructed. A deed to them, the name of the grantee blank, was in one of the banks in Minneapolis. Upon the property was a mortgage of $13,500. The property was estimated worth about $30,000. Mrs. Mary Moan owned securities consisting of bonds and commercial paper and mortgages of the value of between $15,000 and $16,000, and was desirous of obtaining Minneapolis property. It is the claim of the state that to induce her to part with her securities in exchange for his property Anderson represented that it was free of encumbrances, except the mortgage of $13,500; and the state's further claim is that there were at the time mechanics' liens upon the property aggregating a large amount.

There was a clear issue of fact as to whether the representation was made. Anderson gave his warranty deed. He claims he did no more and suggests that Mrs. Moan relied upon that. Mrs. Moan claims that he represented that the property was free of encumbrances, except the mortgage, and that she relied upon the representation. There is evidence making for one claim and for the other. The fact was for the jury. Likewise the question of the fraudulent intent on the part of the defendant to obtain and appropriate Mrs. Moan's securities was one of fact. It was not enough that the defendant represented the premises to be free of encumbrances except the mortgage. His representation in addition must have been with fraudulent intent to obtain her property by his false pretense.

The defendant had been prosperous. Except for untoward conditions arising in building construction in 1920 he might have discharged his indebtedness, protected the property. It is fairly inferable that on July 6, 1920, he was in difficulty. Mrs. Moan's securities went in payment of a bank indebtedness, and not in discharge of liens. The bank held his blank deed to the property, and when the name of Mrs. Moan was inserted, and her property taken, the property of Mrs. Moan was applied by the bank.

2. On the former appeal we held that there were mechanics' liens, within the meaning of the law, if lienable work and material had been furnished upon the property, though no claims had been filed, the time for filing not having expired and they having been afterwards filed within the statutory time. There is evidence that liens of this character, which we have frequently called inchoate, though they are actual, existed on July 6, 1920, and were afterwards filed in time. The defendant did not defend and liens were established. The evidence of the liens was sufficient. It is unnecessary to review it. It is so convincing as not to leave the fact in doubt.

3. The defendant offered to prove that he had done business with one of the lien claimants for 15 years, and that such lien claimant never had filed a claim for a lien, and had frequently allowed its lien right to expire by not filing. An objection was sustained and

this is claimed to be error. The defendant did not propose to show that he relied upon such lien claimant not filing, and so intended no fraud when he made the representation. Counsel cites State v. Johnson, 77 Minn. 267, 79 N. W. 968. This case involved the giving of a check on a bank in which the defendant had no funds; and under the facts it was held that the defendant believed that he had the right to draw the check, that it would be honored, and that there was no intention to defraud. There was in effect an implied authority to draw. The case has little bearing. The evidence might have been received properly enough, as bearing on the fraudulent character of the representation, though the defendant denied making it. It was of remote bearing, and its character was not such as to require a new trial, even if it should have been admitted.

4. The defendant claims misconduct of counsel for the state. He persisted in his cross-examination of character witnesses for the defendant after objections were sustained. He appealed for a verdict because of sympathy for Mrs. Moan. He attacked the bank which held the deed of the defendant, blank as to grantee. The bank was not on trial. Nor was the case that of Mrs. Moan. In these and some other respects counsel transgressed. His conduct might have been the subject of immediate reproof from the bench. In the charge to the jury the court put these matters in their proper light. Whether misconduct should result in a new trial is largely for the trial court. The charge presented the issues to the jury so thoroughly and completely and so without indication of prejudice or feeling or suggestion against or in favor of either the state or the defendant that we cannot say there was prejudice.

We have examined all the errors claimed, including those bearing on the charge. We find nothing substantial, and nothing demanding special mention.

Counsel mentions the character evidence in behalf of the defendant. There is no question of the defendant's good standing in the community, and we must assume that the jury considered it in its proper bearing. It did not require a finding of the ultimate issue in favor of the defendant.

Order affirmed.